*State v. Corren*, No. 187-3-15 Wncv (Teachout, J., July 3, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 187-3-15 Wncv** |

**STATE OF VERMONT**
    **Plaintiff**

    **v.**

**DEAN R. CORREN**
    **Defendant**

### DECISION
### Cross-Motions for Summary Judgment

Mr. Corren sought and received public funding for his unsuccessful 2014 bid for lieutenant governor as both the Democratic and Progressive candidate. In so doing, he agreed to thereafter not solicit, accept, or expend campaign contributions. In the course of the race, the Vermont Democratic Party (VDP) sent an email supporting Mr. Corren's candidacy to its distribution list at the urging of his campaign staff. Mr. Corren did not pay for that service. The State alleges that asking the VDP to send the email was an impermissible solicitation of a contribution. It alleges that because the email in fact was sent Mr. Corren impermissibly accepted a contribution. It also asserts that he then failed to report that contribution to the State.

The parties have filed cross-motions for summary judgment addressing liability only. In the State's view, the bare facts described above, all of which are undisputed, necessarily demonstrate the unlawful solicitation and acceptance of a contribution by a publicly funded candidate and a failure to report that contribution. The State seeks summary judgment to that effect. Mr. Corren argues that several exceptions to the statutory definition of "contribution" apply in this case and that they reveal that the VDP email was not a contribution. He thus argues that there could not have been any solicitation, acceptance, or failure to report a contribution and seeks summary judgment to that effect.

The court is not persuaded that either party is entitled to summary judgment on this record. The exceptions advocated by Mr. Corren do not apply in the circumstances of this case. The material facts appear to be incomplete and potentially may be far more nuanced than the State's argument acknowledges. Rather than leap to summary judgment, the court concludes that the wiser course is to resolve this case on the evidence as presented at trial.

*Background*

Mr. Corren sought and received public funding for the 2014 lieutenant governor race pursuant to 17 V.S.A. §§ 2981–2986 (public financing option). Having done so, he was barred from soliciting, accepting, or expending "contributions" other than those that were received in the process of qualifying for public financing. *Id*. § 2983(b)(1). "Contribution" is defined by

statute. Subject to exceptions, it refers to "a payment, distribution, advance, deposit, loan, or gift of money or anything of value, paid or promised to be paid for the purpose of influencing an election, advocating a position on a public question, or supporting or opposing one or more candidates in any election." 17 V.S.A. § 2901(4). It encompasses the concept of a "related campaign expenditure," which essentially is a third-party expenditure coordinated by the candidate. 17 V.S.A. § 2944.

During the campaign, Mr. Corren's staff urged the VDP to send an email supporting Mr. Corren's candidacy to its email distribution list. The email eventually was sent. Its subject line was "How you can help me help Dean Corren." The text is as follows:

Dear Friends,

Many of you know I'm a strong supporter of Dean Corren for Lt. Governor but maybe you don't know why. Dean has the skills and experience to support our Vermont Democratic Party Platform and overcome some of the greatest challenges we face.

Dean has openly shared his positions and ideas for stimulating the economy, enacting health care reform, supporting job growth and positioning Vermont to be a leader in taking on climate change. In addition, he has been enthusiastically endorsed by the Vermont Democratic Party's State Committee and some of our most prominent leaders.

I believe Dean would make an excellent Lt. Governor, but to make this happen we all need to pitch in. Here are a few ways you can help.

1. **Come to a Rally!** This weekend we are joining Senator Bernie Sanders, Governor Peter Shumlin, Dean and local candidates at four GOTV rallies across the state. Come to one nearest to you!

. . . [times and locations of rallies]

2. **Commit to VOTE!** Make a plan, vote early by visiting your town clerk's office, or vote on Tuesday, November 4th. To find your polling location, click here.

3. **Tell Your Neighbors!** We are working every day to talk to voters in Vermont into getting to the polls on Election Day. Sign up to volunteer for a shift here. For other ways to help, please e-mail volunteer@deancorren.com

I appreciate all the work you are doing on behalf of our candidates around the state and look forward to celebrating great victories with you on the 4th. Now get out and vote for Congressman Peter Welch, Governor Peter Shumlin, Dean Corren for Lieutenant Governor, and the rest of the amazing Democratic ticket![1]

---

[1] The underlining in the email presumably indicates hyperlinks.

There is no dispute in this case that the email was a thing of value to the Corren campaign. Its purpose, as demonstrated by its content, was to advocate in favor of Mr. Corren's candidacy. Mr. Corren's campaign staff helped to draft it and urged the VDP to send it.

*Exceptions to the definition of contribution*

The definition of contribution is subject to numerous exceptions, 17 V.S.A. § 2901(4)(A)–(M), and Mr. Corren argues that three apply here. They are:

> 17 V.S.A. § 2901(4)(F): for "the use of a political party's offices, telephones, computers, and similar equipment";
>
> 17 V.S.A. § 2901(4)(H): "documents, in printed or electronic form, including . . . lists of registered voters, and voter identification information created, obtained, or maintained by a political party for the general purpose of party building and provided to a candidate who is a member of that party or to another political party"; and
>
> 17 V.S.A. § 2901(4)(L): "costs paid for by a political party in connection with a campaign event at which three or more candidates are present."

If the VDP email fits into any of these exceptions, then it was not a contribution and there was no failure to report a contribution. Mr. Corren argues that these statutes affect political speech and that the court should avoid chilling political speech and should therefore not interpret the exemptions in an unnecessarily narrow manner.

Mr. Corren argues that the use-of-computers exception applies to the email because computers were used to send the email. The VDP email was an email sent by the VDP to persons on its own distribution list advocating in favor of Mr. Corren. It was not that the VDP allowed Corren campaign workers to sit down at VDP computers to use the devices to send Corren campaign messages to Corren campaign recipients, which is the situation to which the exception applies. This exception does not exempt the sending of advocacy messages by VDP to persons on its own distribution list from the definition of contribution.

Mr. Corren argues that the list-of-voters exception applies to the email because the email was sent to a list of voters. However, the email was an email message with content, not a list of voters provided by the VDP to Mr. Corren. The exception excludes lists of voters provided to candidates. That did not happen here. This exception does not apply.

Mr. Corren also argues that the email represents costs paid for a campaign event because it mentions campaign events within the body of the email message. The mere mention of campaign events does not insulate the email from being a contribution where its primary message was otherwise. It had value to Mr. Corren through its plain advocacy in support of his candidacy. The fact that it incidentally provided notice of other campaign events does not convert it to an action incurred solely for that purpose. This exception also does not apply.

3

Mr. Corren's proposed application of these exceptions would render the core definition of contribution meaningless. "The bedrock rule of statutory construction is to determine and give effect to the intent of the Legislature." *In re C.S.*, 158 Vt. 339, 343 (1992). The court has no doubt that the legislative intent behind these exceptions was not to undermine the basic meaning of a contribution altogether.

*Soliciting and accepting a contribution*

It is not clear, however, that in seeking the VDP email, getting it, and not paying for it, Mr. Corren thereby necessarily solicited and accepted a contribution in violation of the law. In the State's own words, "Had Corren paid the VDP for the value of the mass email, it would have been a purchase of services rather than a contribution. A payment for services negates its classification as a gift." The State's Motion for Summary Judgment at 19 (filed Jan. 3, 2017).

There are references in the documents submitted by both parties that suggest at least the possibility that the Corren campaign intended to pay the VDP for sending the email, or at least the subject of payment came up between the Corren campaign and the VDP. Facts are not presented in the clear manner required by Rule 56 for summary judgment motions. There may have been a nuanced scenario that does not easily fit with the State's interpretation of solicitation, acceptance, and contribution. Mr. Corren references testimony taken in a related federal case, along with certain emails between Mr. Corren's campaign staff and agents of the VDP. The State, in a footnote in its memorandum, flatly represents without support that any assertion that Mr. Corren attempted to pay is incorrect.

Neither party presented facts on this issue as undisputed or provided citations as required by Rule 56. The indirect references suggest a potential scenario in which Mr. Corren's campaign wanted to pay for the service provided by the VDP in sending the email to avoid any potential conflicts with campaign finance law, whereas the VDP, presumably for reasons of its own, did not want to place a value on that service. There are simply no clear facts before the court on what happened or how this issue was resolved, if it ever was, before or after the email was sent.

While it is clear that Mr. Corren sought the email, got the benefit of it, and did not pay for it, what is not clear is that in doing so he was "soliciting" a contribution or "accepting" one. It is at least arguable, depending on how the facts are finally resolved and how those terms are interpreted, that Mr. Corren was soliciting a paid service and not a contribution. If so, he may not necessarily have accepted a contribution when the email was sent without payment. The email was not analogous to cash and could not be sent back after the event to implement non-acceptance of a contribution. If the situation was unresolved between the parties, it is not entirely clear that Mr. Corren "accepted" a contribution, but he may have if there was inaction after the passage of time, even if he initially offered to pay.

It is possible that the email may have been a contribution in the end, but the facts are not clear that there was "solicitation" or "acceptance" of a contribution as such by Mr. Corren. The facts are simply both incomplete and unclear, and summary judgment cannot be decided on unclear facts. Furthermore, whether 17 V.S.A. § 2963 required Mr. Corren to report the email as

an in-kind contribution on a particular report may also depend on how the matter stood between the parties at such time or times that reports were due.

The summary judgment statements of undisputed facts submitted by the parties do not paint a complete picture of what unfolded in the 2014 campaign leading up to the email or the nonpayment for it afterwards. The missing facts are material and must be treated as disputed or at least insufficient for purposes of supporting summary judgment.

## ORDER

For the foregoing reasons, both cross-motions for summary judgment are denied.

A pretrial status conference will be scheduled.

Dated at Montpelier, Vermont this _____ day of June 2017.

_____
Mary Miles Teachout
Superior Judge